UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURIE SCOTT, individually and on behalf of all others similarly situated,<br><br>                               Plaintiff,<br><br>               v.<br><br>JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., and CHASE BANK USA, N.A.,<br><br>                               Defendants. | Case No. 1:13-cv-00646-PGG |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

Defendants JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; and Chase Bank USA, N.A. hereby respond to Plaintiff's Motion for Appointment of Interim Class Counsel.

As a threshold matter, Defendants—some of whom have been improperly named as parties—deny the characterizations and allegations of purported wrongdoing contained in Plaintiff's motion. Defendants also deny Plaintiff's claims that this case is (a) not subject to binding arbitration and (b) suitable for class certification. Defendants specifically reserve all arguments regarding arbitration and class certification.

Furthermore, Defendants believe that Plaintiff's motion is premature and unnecessary. Certainly, Rule 23(g) contemplates appointment of interim class counsel in uniquely complex cases. For instance, appointments may be useful where there is "rivalry or uncertainty" among competing plaintiffs' counsel. Fed. R. Civ. P. 23 advisory committee's note. Or interim class counsel may be called for when "there are multiple, overlapping class actions that require extensive pretrial coordination." *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012).

But none of these circumstances exists here, so it is hard to see why interim class counsel is needed.  *See, e.g.*, *Glen Ridge SurgiCenter, LLC v. Horizon Blue Cross & Blue Shield of N.J.*, No. 08-6160 (JLL), 2011 WL 5881924, at *7 (D.N.J. Sept. 16, 2011) (denying motion to appoint interim class counsel as "premature" where no similar cases were pending, plaintiff's counsel could conduct case proceedings, and no discovery had occurred); *Sajfr v. BBG Commc'ns, Inc.*, No. 10–CV–2341–H (NLS), 2011 WL 765884, at *3 (S.D. Cal. Feb. 25, 2011) (denying motion to appoint interim class counsel as "premature").  Plaintiff's counsel contends that interim class counsel should be appointed because of the Court's interest in efficiency and orderly conduct.  Those objectives, of course, exist in every case.  And they can be served just as well *without* interim class counsel—as they most often are.  *See* Fed. R. Civ. P. 23 advisory committee's note ("Ordinarily, [pre-certification] work is handled by the lawyer who filed the action.").

Nevertheless, if this Court decides that interim class counsel is appropriate at this time, Defendants take no position on whether Plaintiff's particular counsel should be appointed.

Dated:  February 21, 2013                          Respectfully submitted,

 /s/ Matthew P. Previn
Matthew P. Previn
**BUCKLEYSANDLER LLP**
1133 Avenue of the Americas, Suite 1300
New York, NY 10036
Tel: (212) 600-2310
Fax: (212) 600-2405

*Attorney for Defendants JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; and Chase Bank USA, N.A.*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on February 21, 2013, a copy of Defendants' Response to Plaintiff's Motion for Appointment of Interim Class Counsel was duly served upon the following individuals by first-class mail and email:

BURSOR & FISHER, P.A.
Scott A. Bursor
Joseph I. Marchese
Neal J. Deckant
888 Seventh Avenue
New York, NY 10019
E-Mail: scott@bursor.com
jmarchese@bursor.com
ndeckant@bursor.com

                                        /s/ Matthew P. Previn
                                        Matthew P. Previn