UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURIE SCOTT, individually and on behalf of all others similarly situated,

            Plaintiff,

v.

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., and CHASE BANK USA, N.A.,

            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 30, 2013

**ORDER**

13 Civ. 646 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      In this putative class action, Plaintiff alleges that Defendants JPMorgan Chase & Co., JP Morgan Chase Bank, N.A., and Chase Bank, USA, N.A. (collectively, "Chase") unilaterally and fraudulently enrolled her in their overdraft protection service, and then charged her fees for that service. (Cmplt. ¶ 1) The Complaint includes claims under (1) the Electronic Funds Transfer Act and Regulation E; (2) the Racketeering Influenced and Corrupt Organizations Act; and (3) state law, for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, violations of the California Consumers Legal Remedies Act, unfair competition, false advertising, unjust enrichment, negligent misrepresentation, and fraud. (Id. ¶¶ 67-160) Plaintiff has moved for the appointment of Bursor & Fisher, P.A., as interim class counsel. (Dkt. No. 8) For the reasons set forth below, Plaintiff's motion will be GRANTED.

**APPLICABLE LAW**

      Federal Rule of Civil Procedure 23 requires a court to determine at an "early practicable time" whether to certify a class and, if so, to appoint class counsel. Fed. R. Civ. P.

23(c)(1)(A). "Because representation of a putative class prior to the filing of a motion for class certification is sometimes necessary, Rule 23(g)(3) permits a court to appoint interim class counsel." Anderson v. Fiserv, Inc., No. 09 Civ. 8397 (BSJ)(FM), 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010). In selecting interim class counsel, courts look to the criteria set forth in Rule 23(g)(1)(A):

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); see Anderson, 2010 WL 571812, at *2; In re Bank of Am. Corp. Secs., Derivative & ERISA Litis., 258 F.R.D. 260, 272 (S.D.N.Y. 2009); In re Mun. Derivatives Antitrust Litig., 252 F.R.D. 184, 186 (S.D.N.Y. 2008).

Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B), including

> "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel," In re Comverse Tech., Inc. Derivative Litig., No. 06 Civ. 1849(NGG)(RER), 2006 WL 3761986, at *2–3 (E.D.N.Y. Sept. 22, 2006), as well as whether counsel "are qualified and responsible, . . . [whether] they will fairly and adequately represent all of the parties on their side, and . . . [whether] their charges will be reasonable." In re Bear Stearns[ Cos., Sec., Derivative, & Employee Ret. Income Sec. Act (ERISA) Litig., No. 08 MDL 1963(RWS)], 2009 WL 50132, at *11 [(S.D.N.Y. Jan.5, 2009)] (quoting Manual For Complex Litigation § 10.22).

In re Bank of Am., 258 F.R.D. at 272.

"If only one applicant seeks appointment as [interim] class counsel, a court must determine whether the applicant is 'adequate' under Rule 23(g)(1) and Rule 23(g)(4), which requires that counsel 'fairly and adequately represent the interests of the class.'" Anderson, 2010 WL 571812, at *2.

2

## DISCUSSION

### I. PLAINTIFF'S MOTION IS NOT "PREMATURE AND UNNECESSARY"

Defendants argue that this motion is "premature and unnecessary" because there are no competing class actions, the case is not complex, and no other firm has sought appointment as class counsel. (Def. Opp. (Dkt. No. 13) at 1-2) Rule 23 does not require that a case reach any particular stage or level of "maturity" before a court appoints interim class counsel, however. Indeed, courts frequently appoint interim class counsel at an early stage. See Anderson, 2010 WL 571812, at *4 (appointing interim class counsel before the amended complaint was filed and before defendants filed a motion to dismiss); accord Zepeda v. PayPal, Inc., 777 F. Supp. 2d 1215, 1223 (N.D. Cal. 2011) (dismissing case without prejudice and appointing interim class counsel for purposes of filing an amended complaint).[1] Moreover, it appears likely that a number of motions will be filed early in this case, including a motion to compel arbitration, a motion to dismiss, and a motion for class certification. Under these circumstances, the appointment of interim class counsel is appropriate.

### II. APPOINTMENT OF BURSOR & FISHER IS APPROPIRATE UNDER RULE 23

#### A. Work Already Performed on this Case

Bursor & Fisher represents that it conducted an investigation prior to filing the Complaint. The investigation involved, inter alia, a review of relevant documents from Class

---

[1] Glen Ridge SurgiCenter LLC v. Horizon Blue Cross & Blue Shield of N.J., No. 08-3160 (JLL), 2011 WL 5881924, at *7 (D.N.J. Sept. 16, 2011) and Sajfr v. BGG Communications, Inc., No. 10-CV-2341-H, 2011 WL 765884, at *3 (S.D. Cal. Feb. 25, 2011), cited by Defendants, do not suggest that courts deny motions for appointment of interim class counsel where there are no competing class actions or counsel competing for appointment. (Def. Opp. (Dkt. No. 13) at 2) In Glen Ridge SurgiCenter, the court denied appointment of interim class counsel because of that case's "unique procedural history," including the fact that the lead-plaintiff had settled. 2011 WL 5881924, at *4, 7. In Sajfr, a summary judgment motion was pending. 2011 WL 765884, at *3. These circumstances are not present here.

3

members, interviews of Class members, a Freedom of Information Act ("FOIA") request to the Consumer Financial Protection Bureau seeking documents concerning the process by which consumers opt into Chase's overdraft services, and a review of Chase's Deposit Account Agreement and funding account agreements. (Pltf. Moving Br. (Dkt. No. 10) at 6)  This work is sufficient to satisfy the first element of Rule 23(g)(1)(A).

### B. Experience of Proposed Interim Class Counsel

Bursor & Fisher has represented plaintiffs and defendants in more than 100 class action lawsuits in state and federal courts throughout the country.  Moreover, Attorney Bursor represents that he has been appointed lead or co-lead class counsel in connection with three of the largest classes ever certified.  (See Bursor Decl., Exh. A)  This Court finds that proposed interim class counsel has sufficient experience to satisfy the second criterion set forth in Rule 23(g)(1)(A).

### C. Knowledge of the Law

Bursor & Fisher has significant experience in litigating complex class actions and is knowledgeable about the procedural and legal issues that are likely to emerge in this case. Accordingly, this Court finds that Bursor & Fisher possesses the requisite knowledge of the law to serve as interim class counsel.

### D. Resources

Bursor & Fisher is a well-established law firm that has the resources and personnel necessary to carry out large-scale class action litigation.  The firm has already committed resources to this case, and this Court has no reason to doubt that the firm will provide the necessary resources going forward to litigate this case.

## CONCLUSION

This Court finds that Bursor & Fisher, P.A. can "fairly and adequately represent the interests" of the putative class. Accordingly, Plaintiff's motion to appoint Bursor & Fisher, P.A. as interim class counsel is GRANTED. The Clerk of the Court is directed to terminate the motion (Dkt. No. 8).

Dated: New York, New York
       May 30, 2013

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge